UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPER MICRO COMPUTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> R ASSOCIATES, INC., <br><br> Defendant. | Case No. 20-cv-07975-JSW  (SK) <br><br> **REPORT AND RECOMMENDATION REGARDING SUPPLEMENTAL MOTION FOR DEFAULT JUDGMENT** <br><br> Regarding Docket No. 33 |

This matter was referred to the undersigned for a report and recommendation on the motion for default judgment filed by Plaintiff Super Micro Computer, Inc. ("Plaintiff"). For the reasons set forth below, the Court RECOMMENDS GRANTING Plaintiff's motion.

## BACKGROUND

In its complaint, Plaintiff alleges that it is a leading provider of server and storage products and that Defendant R. Associates, Inc. is a provider of technology products. (Dkt. No. 1 (Compl.), ¶¶ 8, 9.) Plaintiff alleges that beginning in 2018, Defendant ordered equipment from Plaintiff. Plaintiff provided Defendant with the equipment ordered, but Defendant failed to pay for it. (*Id.*, ¶¶ 10, 11.) As a result, Plaintiff alleges that Defendant owes Plaintiff $215,655.85. (*Id.*, ¶ 12.) Plaintiff asserted a claim for breach of contract, account stated, open book account, and quantum valebant based on these allegations. (Dkt. No. 1.)

Plaintiff alleges that the terms of Defendant's purchases are governed by Plaintiff's standard terms and conditions. (*Id.*, ¶ 10.) The terms and conditions state that Defendant, as a buyer, consented to the exclusive jurisdiction of state and federal courts in Santa Clara County, California. (*Id.*, Ex. A.)

Plaintiff submits a declaration from Kenneth Cheung ("Cheung"), Plaintiff's Vice President of Finance and Controller, to support its claims. (Dkt. No. 34.) Cheung states that

1   between September 14 and October 12, 2018, Defendant issued four purchase orders for
2   equipment from Plaintiff.  (*Id*., ¶ 3., Ex. A.)  Plaintiff then shipped the equipment to Defendant
3   with invoices totaling $229,794.60.  (*Id*., ¶ 5, Ex. C.)  Cheung states that the invoices are governed
4   by Plaintiff's Standard Terms and Conditions.  (*Id*., ¶ 5.)

   Defendant then returned certain products to Plaintiff, and Plaintiff issued Defendant a
   credit in the amount of $1,547.75 for the returns.  (*Id*., ¶ 6.)  Defendant paid Plaintiff $12,591
   towards the invoices.  (*Id*., ¶ 7.)  Deducting the money credited and the amount Defendant paid to
   Plaintiff, Defendant still owes Plaintiff $215,655.85 for the equipment it purchased.  (*Id*., ¶ 8.)

## ANALYSIS

**A.      Jurisdiction and Service.**

Before entering default judgment, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *See In re Tuli v. Rep. of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999).

There is diversity of citizenship because Plaintiff is a Delaware corporation with its principal place of business in San Jose, California and Defendant is a Texas corporation with its principal place of business in Houston, Texas.  (Dkt. No. 1, ¶¶ 5, 6.)  The amount in controversy here exceeds $75,000.

Personal jurisdiction over Defendant exists as well.  Where there is no applicable federal statute governing personal jurisdiction, as is the case here, the law of the forum state determines personal jurisdiction.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  California's long arm statute, Cal. Civ. Proc. Code § 410.10, which determines personal jurisdiction, is coextensive with federal due process requirements, and therefore the analysis for personal jurisdiction is the same under both state and federal law.  *Id.* at 800-01.  "Due process requires that a defendant have minimum contacts with the forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1259 (9th Cir. 1989) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).  "Personal jurisdiction may be founded on either general jurisdiction or specific jurisdiction."  *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th

1  Cir. 1998). Specific jurisdiction over a defendant exists where: (1) the defendant has purposefully
2  directed its activities at the forum state or has purposefully availed itself of the privileges of doing
3  business in the forum; (2) the plaintiff's claim arises out of or relates to those activities; and (3)
4  the assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger*, 374 F.3d at 802; *see*
5  *also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-77 (1985). "The plaintiff bears the
6  burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these
7  prongs, personal jurisdiction is not established in the forum state." *Schwarzenegger*, 374 F.3d at
8  802 (internal citation omitted).

Here, the facts alleged by Plaintiff are sufficient to demonstrate that Defendant is subject to specific jurisdiction in California. By contracting with Plaintiff, a corporation with its principal place of business in California, to buy equipment, Defendant purposefully availed itself of the privileges of doing business in California. Plaintiff's claims arise from the formation and later breach of that contract by Defendant. Moreover, Plaintiff's invoices are governed by Plaintiff's Standard Terms and Conditions. (Dkt. No. 34, ¶ 5.) Those Terms and Conditions state that Defendant, as a buyer, consented to the exclusive jurisdiction of state and federal courts in Santa Clara County, California. (*Id*., Ex. D.) In light of these facts, the assertion of personal jurisdiction over Defendant is reasonable and fair.

Moreover, service here was adequate. Defendant's agent for service of process was served on November 20, 2020. (Dkt. No. 13.)

**B.   Standards Governing Default Judgment.**

After entry of default, a court may grant default judgment on the merits of the case. *See* Fed. R. Civ. P. 55. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980). In determining whether to enter default judgment, a court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

3

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**C.     Plaintiff's Motion.**

    **1.     Prejudice to Plaintiff.**

If the Court denied Plaintiff's motion, it would likely be left without a remedy given Defendant's failure to defend this action. *See Pepsico, Inc. v. Cal. Sec. Cans,* 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002).

    **2.     Merits of Plaintiff's Claims and Sufficiency of the Complaint.**

The second and third factors, which look to the merits of Plaintiff's substantive claims and the sufficiency of the Complaint, also support entry of default judgment. After an entry of default, well-pled allegations in the complaint are deemed true, except for the amount of damages. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

To prevail on a claim for breach of contract, Plaintiff must show "the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant and damages." *First Commercial Mortgage Co. v. Reece*, 89 Cal. App.4th 731, 745 (2001). Here, Plaintiff's allegations, which are taken as true on this motion for default judgment, are that Defendant breached the contract between them by failing to pay for all of the equipment it ordered and that Plaintiff sent to it. (Dkt. No. 1, ¶¶ 10,11.) The Court finds that Plaintiff has sufficiently alleged and demonstrated in this motion for default judgment that Defendant breached the agreement between them by failing to pay for the equipment.[1]

    **3.     Sum of Money at Stake.**

The fourth *Eitel* factor focuses on the amount at issue in the action. "[C]ourts should be hesitant to enter default judgments in matters involving large sums of money." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1099-1100 (N.D. Cal. 2014). "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Board of Trs. v. Core Concrete Const., Inc.*, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing *Eitel*, 782 F.2d at

---

[1] Because the Court finds that Plaintiff has sufficiently alleged and demonstrated its breach of contract claim, the Court need not address Plaintiff's remaining claims which seek the same relief.

4

1472).  However, when "the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (citations omitted); *see also Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010) (holding this factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct.").

Here, Plaintiff seeks the $215,655.85 it is owed as a result of Defendant's breach of their agreements.  This amount is tailored to remedy Defendant's specific misconduct.  Therefore, this factor weighs in favor of granting default judgment.

### 4. Remaining *Eitel* Factors.

Because Defendant has defaulted in this action, the possibility of a dispute concerning material facts is unknown.  Next, there is no evidence or indication that Defendant's failure to participate was due to excusable neglect.  Finally, although the seventh *Eitel* factor – balancing the policy consideration that whenever reasonably possible cases should be decided on their merits – weighs against default judgment, the majority of other factors weigh heavily in favor of default judgment.

Despite the policy of favoring decisions on the merits, default judgment is appropriate when a defendant refuses to litigate a case.  Fed. R. Civ. P. 55(b); *see also Bd. of Trustees v. RBS Washington, LLC,* 2010 WL 145097 at *4 (N.D. Cal. Jan. 8, 2010.)  Here, Defendant failed to litigate.  Therefore, the Court recommends that default judgment be entered against Defendant.

### D. Remedy.

While the allegations in the Complaint are taken as true for purposes of default judgment, courts must make specific findings of fact in assessing the amount of damages.  *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  Plaintiff must prove the relief it seeks through testimony or written affidavit.  *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Televideo Sys., Inc.*, 826 F.2d at 917-18).  Additionally, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

Plaintiff seeks damages and prejudgment interest in the amount of $215,655.85.  Plaintiff seeks to recover the money Defendant still owes for the equipment it ordered and that Plaintiff sent to it.  Defendant ordered equipment from Plaintiff, returned a small portion and paid for another small portion, but still owes $215,655.85 for equipment it received.  (Dkt. No. 34, ¶¶ 3, 5-8, Exs. A, C.)

The Court finds and RECOMMENDS that Plaintiff is entitled to and should be awarded $215,655.85 in damages.

## CONCLUSION

For the foregoing reasons, the Court RECOMMENDS GRANTING Plaintiff's motion for default judgment, but REDUCING the amount of requested prejudgment interest to the days currently accrued.  The Court RECOMMENDS AWARDING $105,668.35 in damages and $62,358.81 in prejudgment interest.

Not fewer than three days after this Report, Plaintiff shall serve Defendant with a copy of this Report by any means reasonably calculated to provide actual notice, and file proof of service to that effect.  Any party may file objections to these recommendations no later than fourteen days after being served with a copy of this report.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated: March 15, 2021

SALLIE KIM
United States Magistrate Judge